# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SUSAN CHATMAN,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )        C.A. No. N17-07-043 PEL
                                    )
AMERICAN MEDICAL SYSTEMS, INC.,     )
                                    )
          Defendant.                )

## ORDER

Having considered the undisputed facts, and the disputed facts in the light most favorable to the non-moving party, the Court makes the following findings.

The Louisiana Products Liability Act ("LPLA") establishes a one-year "Prescriptive Period" for product liability claims. The time begins to run when the plaintiff knew, or should have known, that the medical device was the cause of injury.[1] A plaintiff's knowledge of the causal connection between alleged injuries and damages creates accrual of the cause of action.[2] There is no requirement that a patient be informed of the precise legal claims and theories.[3] The limitations period begins to run once a plaintiff is on inquiry that a potential claim exists.[4]

In this case, the Plaintiff began experiencing pain in 2014. Plaintiff's husband complained of pain during intercourse. Plaintiff has testified that she suspected the

---

[1] *Landry v. NuVasive Inc.*, 2018 WL 1321972, at *3 (W.D. La.).
[2] *Id.* at *4.
[3] *In re Xarelto Prods. Liab. Litig.*, 2017 WL 4517287, at *7 (E.D. La.).
[4] *Marin v. Exxon Mobil Corp.*, 48 So. 2d 234, 248 (La. 2010).

cause of these problems to be vigorous sex. In July of 2016, Plaintiff saw her physician about urinary symptoms. The physician examined Plaintiff, and neither identified the mesh implant as a potential cause of the symptoms, nor advised any treatment involving the mesh. The possibility of mesh sling erosion was first suspected by Plaintiff's doctors on August 22, 2016. Another of Plaintiff's doctors identified mesh exposure during an office visit on September 6, 2016. Plaintiff filed her complaint on July 17, 2017.

The Court finds that Plaintiff first began to have symptoms potentially related to the mesh in 2014. However, this potential relationship is established in hindsight. Neither Plaintiff nor her physicians made the causal connection until August 22, 2016. Thus, at least a genuine issue of material fact exists as to whether Plaintiff was on reasonable inquiry that the medical device was the basis for a potential claim before August 22, 2016.[1]

The Court finds that Plaintiff's complaint was filed within the one-year Proscriptive Period set forth in the LPLA.

**THEREFORE,** Defendants' Motion for Summary Judgment on the basis that Plaintiff's claims are time-barred, is hereby **DENIED.**

**IT IS SO ORDERED** this $\underline{4^{th}}$ day of **November, 2019.**

_____
The Honorable Mary M. Johnston

---

[1] _See In re BSC, Pelvic Repair System Prods. Liab. Litig.,_ 2015 WL 1246560, at *3-4 (S.D. W.Va.) (MDL Judge applying Louisiana Law).